**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: **:** | BK. No. 17-23709-CMB |
| **DAVID JENKINS :** | |
| **SERENA JENKINS, :** | Chapter 13 |
| **:** | |
| **Debtors :** | Adversary Case No. _____ |
| **:** | |
| **:** | |
| **:** | **JURY TRIAL DEMANDED FOR** |
| **DAVID JENKINS and :** | **ALL MATTERS SO TRIABLE** |
| **SERENA JENKINS, :** | |
| **:** | |
| **Plaintiffs, :** | |
| **:** | |
| **v. :** | |
| **:** | |
| **HSBC BANK USA, NATIONAL :** | |
| **ASSOCIATION, AS INDENTURE :** | |
| **TRUSTEE FOR PEOPLE'S CHOICE :** | |
| **HOME SECURITIES TRUST SERIES 2005- :** | |
| **4; OCWEN LOAN SERVICING, LLC; :** | |
| **STERN & EISENBERG, P.C.; and :** | |
| **DENARDO & SHAPIRO, LLP, :** | |
| **:** | |
| **Defendants. :** | |
| **:** | |

**ADVERSARY COMPLAINT**

AND NOW COMES David Jenkins and Serena Jenkins, by and through their counsel,

Cohen Seglias Pallas Greenhall & Furman, P.C., and file this Adversary Complaint, and support

thereof, aver as follows:

### I.    INTRODUCTION

1.    The plaintiffs allege claims for violations of the bankruptcy automatic stay

imposed by 11 U.S.C. § 362, the bankruptcy confirmation order as made binding by 11 U.S.C. §

1327(a), the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the

Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.*

1

("UTCPL") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270 *et seq.*
("FCEUA").

## II.    **PARTIES**

2.      The debtors and plaintiffs, David Jenkins and Serena Jenkins (the "Jenkins"), are
adult individuals residing at 104 Oakwood Drive, Valencia, Pennsylvania 16059 (the
"Residence").

3.      Defendant HSBC Bank USA, National Association, as Indenture Trustee for
People's Choice Home Loan Securities Trust Series 2005-4 ("HSBC"), is the purported holder,
as trustee, of the mortgage on the Jenkins' Residence, with an address of c/o Ocwen Loan
Servicing, LLC, PO Box 24605, West Palm Beach, Florida 33416-4605.   At all times in the
Jenkins' bankruptcy case, HSBC was and is represented by the law firm of Phelan Hallinan
Diamond & Jones, LLP (the "Phelan Firm").

4.      Defendant Ocwen Loan Servicing, LLC ("Ocwen"), is the servicer of the Jenkins'
mortgage loan, with an address of PO Box 24605, West Palm Beach, Florida 33416.   At all times
in the Jenkins' bankruptcy case, Ocwen was and is represented by the Phelan Firm.

5.      Defendant Stern & Eisenberg P.C. ("S&E"), is a law firm with an address of 1581
Main Street, Suite 200, The Shops at Valley Square, Warrington, Pennsylvania 18976. S&E
prosecuted a state court foreclosure action on behalf of HSBC and Ocwen, and exposed the
Jenkins' residence to a sheriff's sale on July 26, 2019, in violation of, among other things, the
automatic stay.

6.      Defendant DeNardo & Shapiro, LLP ("D&S"), is a law firm with an address of
3600 Horizon Drive, Suite 150, King of Prussia, Pennsylvania 19406 (HSBC, Ocwen, S&E and
D&S shall be collectively referred to as the Defendants).   D&S represents HSBC and Ocwen in

their efforts to eject the Jenkins from their Residence after the foreclosure sale.  D&S recently

sent a letter to the Jenkins demanding that they vacate the premises or suffer an "eviction and

lockout," in violation of, among other things, the automatic stay.

### III.    JURISDICTION

7.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 157.

as this proceeding arises under Title 11, arises in and is related to the above-captioned case under

Title 11.  Counts I and II are core proceedings under 28 U.S.C. § 157(b)(2)(G) & (O). Counts III-

VIII are non-core proceedings under 28 U.S.C. § 157(c)(1).

8.    This Court has equitable powers pursuant to 11 U.S.C. § 105(a) and Federal Rule

of Bankruptcy Procedure 7001.

### IV.    BACKGROUND

### A.    HSBC AND OCWENS INVOLVEMENT IN BANKRUPTCY

9.    On or about August 19, 2005, the Jenkins obtained a loan from and executed and

delivered to People's Choice Home Loan, Inc. ("People's") a certain Adjustable Rate Note in the

original principal amount of $108,000.00 ("Note") in connection therewith.  A true and correct

copy of the Note is attached to HSBC's secured Proof of Claim, filed in the Jenkins' bankruptcy

case by the Phelan Firm on February 16, 2018 ("Claim 17-1").

10.    As security for repayment of Note, the Jenkins executed a certain Mortgage in

favor of People's in the original principal amount of $108,000.00 in connection with their

Residence (the Note and Mortgage and all other related documents shall be collectively referred

to as the "Mortgage Loan").  See Claim 17-1.

11.    On or about September 15, 2017 the Jenkins filed a Chapter 13 Bankruptcy

Petition at Case No. 17-23709-CMB (the "Bankruptcy Case").

12.    Ocwen and HSBC have been aware of and have participated in the Jenkins' Bankruptcy Case since shortly after it was commenced.

13.    The Jenkins listed Ocwen and the Mortgage Loan in their Schedules. See Bankruptcy Docket No. 24.

14.    The Jenkins included Ocwen in their Chapter 13 Plan dated October 23, 2017 ("Plan") and listed the Mortgage Loan as a long term debt to be cured and reinstated. See Bankruptcy Docket No. 25.

15.    On December 20, 2017, the Phelan Firm entered its appearance in the Bankruptcy Case on behalf of HSBC. See Bankruptcy Docket No. 42.

16.    On March 2, 2018, HSBC, through its counsel, the Phelan Firm, filed an objection to the Plan. See Bankruptcy Docket No. 54.

17.    On July 16, 2018, Jodi Hause of the Phelan Firm, appeared at a contested hearing on HSBC's objection to the Jenkins' Plan. The hearing was continued to August 15, 2018, in order for the Jenkins to submit their 2016 and 2017 tax returns. See Bankruptcy Docket No. 62.

18.    On August 15, 2018, the Bankruptcy Case was dismissed, without prejudice, due to the Jenkins' apparent failure to supply tax returns. See Bankruptcy Docket No. 65.

19.    On August 16, 2018, the Jenkins filed a Motion to Reconsider Dismissal of Case. The Jenkins' 2016 and 2017 tax returns were actually mailed to the Trustee's Office on August 13, 2018. See Bankruptcy Docket No. 66.

20.    On September 11, 2018, Judge Böhm granted the Jenkins' Motion to Reconsider Dismissal of Case, and vacated her prior Order dismissing the case. See Bankruptcy Docket No. 70.

21.    HSBC and Ocwen are provided written notification of all events in the Bankruptcy Case at their address of PO Box 24605, West Palm Beach, Florida 33416.

22.    Counsel for HSBC and Ocwen, the Phelan Firm, are provided electronic notice via ECF of all events in the Bankruptcy Case.

23.    Throughout the Bankruptcy Case and including through September, 2019, the Office of the Chapter 13 Trustee has continually been remitting payments to HSBC and Ocwen and HSBC and Ocwen have received and retained those payments.

24.    Notwithstanding the fact that the Jenkins have been under bankruptcy protection since September 15, 2017, that HSBC and Ocwen, as well as their counsel, the Phelan Firm, have received notice of all docket events, and the Chapter 13 Trustee has been continually remitting plan payments to the address specified by HSBC in its Proof of Claim, HSBC, Ocwen and their foreclosure counsel, S&E, exposed and sold the Jenkins' Residence at sheriff's sale on July 26, 2019.

**B.    THE PARALLEL FORECLOSURE ACTION AND SHERIFF'S SALE**

25.    On May 27, 2016, HSBC and Ocwen, by and through their foreclosure counsel, S&E, commenced a foreclosure action against the Jenkins in connection with the Residence in the Court of Common Pleas of Butler County at Case No. 2016-10405 (the "Foreclosure Action").

26.    On September 20, 2016, HSBC and Ocwen, by and through S&E, entered a default judgment in the Foreclosure Action. A true and correct copy of the docket in the Foreclosure Action, including the judgment and execution dockets, are collectively marked as **Exhibit "A"**, attached hereto and made a part hereof.

27.     On September 20, 2016, HSBC and Ocwen, by and through S&E, issued a writ of execution and scheduled a sheriff's sale of the Residence for January 20, 2017.  The sheriff's sale was continued to March 17, 2017.  Prior to the scheduled sale, on March 10, 2017, the Jenkins filed a Chapter 13 bankruptcy case at Case No. 17-20916-CMB ("Initial Bankruptcy Case").

28.     On May 10, 2017, S&E stayed the sheriff's sale.

29.     The Initial Bankruptcy Case was dismissed without prejudice on September 8, 2017 and the Jenkins filed the current Bankruptcy Case on September 15, 2017.

30.     On September 18, 2018, HSBC and Ocwen and their foreclosure counsel, S&E, filed a Praecipe to Amend and Reissue Writ of Execution ("Praecipe for Reissued Writ") in the Foreclosure Action and scheduled a sheriff's sale for January 18, 2019.  A true and correct copy of the Praecipe for Reissued Writ is marked as **Exhibit "B"**, attached hereto and made a part hereof.

31.     The Praecipe for Reissued Writ was filed by HSBC and Ocwen and their foreclosure counsel, S&E, after the current Bankruptcy Case was dismissed without prejudice *and* after it was re-opened by Order dated September 11, 2018.

32.     S&E subsequently rescheduled the sheriff's sale from January 18, 2019[1], to March 15, 2019, and then to May 17, 2019, then to July 26, 2019.

33.     None of S&E's foreclosure filings included any notice to the Jenkins' attorney, Paul W. McElrath, Jr.

---

[1] On January 18, 2019, HSBC and Ocwen, and their foreclosure counsel, S&E, filed a Suggestion of Bankruptcy in the Foreclosure Action. A true and correct copy of the Suggestion of Bankruptcy is marked as **Exhibit "C"**, attached hereto and made a part hereof.  HSBC, Ocwen and S&E recognized and even analyzed the Bankruptcy Case and its impact on the Foreclosure Action and decided to continue to proceed unimpeded with their zealous efforts to sell the Jenkins' Residence.

34.     On July 26, 2019, HSBC, Ocwen and S&E exposed the Residence to sheriff's sale and HSBC was the successful bidder for costs and taxes, even though the Residence was and is property of the Jenkins' bankruptcy estate.  A true and correct copy of the Sheriff's Deed is marked as **Exhibit "D"**, attached hereto and made a part hereof.

35.     Adding insult to the substantial harm already suffered by the Jenkins, D&S served on the Jenkins an eviction notice on September 25, 2019 ("Eviction Notice"), demanding that they vacate the Residence or suffer an "eviction and lockout".  A true and correct copy of the Eviction Notice is marked as **Exhibit "E"**, attached hereto and made a part hereof.

36.     No order for relief from stay was ever sought or obtained in the Bankruptcy Case by HSBC, Ocwen, the Phelan Firm, S&E or D&S.

37.     On October 3, 2019, the Jenkins' bankruptcy attorney, Paul W. McElrath, Jr., filed a Motion for Contempt and Sanctions ("Motion for Contempt") against HSBC.  See Bankruptcy Docket No. 107.  The Motion for Contempt was served on the Phelan Firm via ECF and in writing via first class mail on Ocwen, the Phelan Firm and D&S.

38.     Even though each and every communication and filing in the Foreclosure Action since September 15, 2017, exposure of the Residence to sheriff's sale on July 26, 2019, and the mailing of the subsequent Eviction Notice, constitute clear and indisputable violations of the automatic stay, HSBC, Ocwen and S&E failed to take steps to vacate the sheriff's sale or file a motion to strike the sheriff's deed immediately upon receipt of the Motion for Contempt[2].

39.     The harm suffered by the Jenkins as a result of the Defendants' acts and conduct was compounded by the fact that HSBC and Ocwen even listed the Residence for sale on

---

[2] On November 12, 2019 (40 days since the Jenkins filed their Motion for Contempt), Jenkins bankruptcy counsel, Paul W. McElrath, Jr., received in the mail S&E's Petition to Set Aside Sheriff's Sale and Strike Sheriff's Deed ("Petition to Set Aside").  A true and correct copy of the Petition to Set Aside is marked as **Exhibit "F"**, attached hereto and made a part hereof.

Realtor.com, which necessitated the filing of an Addendum to Motion for Contempt ("Addendum"). See Bankruptcy Docket No. 109.

40.   Regardless of the outstanding issues and questions that require investigation and examination, it literally shocks the conscience that it took approximately forty (40) days for HSBC, Ocwen and S&E to take any steps to set aside the sheriff's sale and strike the Sheriff's Deed.

## COUNT I

## DAVID JENKINS and SERENA JENKINS vs. HSBC, OCWEN, S&E and S&D

## VIOLATIONS OF THE AUTOMATIC STAY UNDER 11 U.S.C. §362(k)

41.   The Jenkins repeat, reallege and incorporate by reference the preceding paragraphs as if set forth at length herein.

42.   The Mortgage Loan is a claim against the Jenkins that arose before the commencement of the Bankruptcy Case.

43.   The Defendants prosecuted the Foreclosure Action, conducted the sheriff's sale of the Jenkins' Residence, threatened a subsequent eviction action, and listed the Residence on Realtor.com, in violation of 11 U.S.C. § 362(a)(1).

44.   HSBC, Ocwen and S&E enforced a pre-petition judgment against the Jenkins and their Residence in violation of 11 U.S.C. § 362(a)(2).

45.   The Defendants acted to obtain possession of the Jenkins' Residence, which is property of the estate, in violation of 11 U.S.C. § 362(a)(3).

46.   The Defendants acted to exercise control over the Jenkins' Residence, which is property of the estate, in violation of 11 U.S.C. § 362(a)(3).

47.    The Defendants acted to create, perfect, or enforce a lien against the Jenkins' Residence, which is property of the estate, in violation of 11 U.S.C. § 362(a)(4).

48.    The Defendants acted to create, perfect, or enforce against the Jenkins' Residence a lien connection with the Mortgage Loan in violation of 11 U.S.C. § 362(a)(5).

49.    The Defendants acted to collect, assess, or recover the Mortgage Loan claim against the Jenkins, in violation of 11 U.S.C. § 362(a)(6).

50.    All of the Defendants' actions in violating the automatic stay were willful because they were taken after the Defendants had notice and knowledge of the Bankruptcy Case.

51.    It is believed, and therefore averred, that HSBC and Ocwen do not have any procedures and/or controls that are reasonably adapted to ensure compliance with 11 U.S.C. § 362 when they refer cases to outside counsel to pursue foreclosure during the pendency of a borrower's bankruptcy case.[3]

52.    It is believed, and therefore averred, that HSBC and Ocwen do not have any procedures and/or controls that are reasonably adapted to ensure compliance with 11 U.S.C. § 362 when they refer cases to outside counsel to pursue ejectment after foreclosure and during the pendency of a borrower's bankruptcy case.

53.    As of at least January 2, 2020, the Residence is still listed on Realtor.com as "REO Occupied" property (i.e., Bank owned), even though HSBC and Ocwen are well aware of their multiple stay violations.[4]

---

[3] Ocwen and HSBC have paid inordinate fines for their well-documented and widespread mortgage servicing issues, and illegal and abusive patterns and practices. Ocwen is currently defending a lawsuit commenced by the CFPB and has had its mortgage loan servicing activities curtailed in several states.

[4] The listing of the Residence (attached to the Jenkins' Addendum (Bankruptcy Docket No. 109) continued to appear on Realtor.com as late as January 2, 2020, with several changes. The words "Off Market", appear in small letters to the left of the first picture of the Residence. In addition, the "Property Overview" describes the Residence as "REO occupied – the seller does not represent or guarantee occupancy status. NO VIEWINGS of this property. Please DO NOT disturb occupant. As is cash only sale with no contingencies or inspections. Buyer will be responsible for obtaining possession of the property upon closing." (emphasis in original). A true and correct copy

54.     It is believed, and therefore averred, that HSBC and Ocwen do not have any procedures and/or controls that are reasonably adapted to ensure compliance with 11 U.S.C. § 362 when attempting to re-sell REO properties obtained through foreclosure and during the pendency of a borrower's bankruptcy case.

55.     It is believed, and therefore averred, that S&E does not have any procedures and/or controls that are reasonably adapted to ensure compliance with 11 U.S.C. § 362 when it receives a referral to pursue foreclosure during the pendency of a borrower's bankruptcy case.

56.     It is believed, and therefore averred, that D&S does not have any procedures and/or controls that are reasonably adapted to ensure compliance with 11 U.S.C. § 362 when it receives a referral to pursue an ejectment action during the pendency of a borrower's bankruptcy case.

57.     The Defendants' outrageous and willful actions and conduct, including but not limited to, the almost year-long effort to schedule and conduct the sheriff's sale of the Jenkins' Residence, the subsequent demand that they vacate the premises or suffer "eviction and lockout", as well as the public listing of the Residence on Realtor.com, all during the pendency of the Jenkins' Bankruptcy Case and in violation in the stay, have caused the Jenkins and their children to suffer and continue to suffer severe emotional distress, sleepless nights, fear and anxiety, humiliation and shame, frequent questioning by friends, neighbors and members of the community, marital instability and fighting, lost advancement opportunities at work,  and other significant emotional harm distinct from the inherent stress of the normal bankruptcy process.

---

of the updated listing of the Residence on Realtor.com as of January 2, 2020, is marked as **Exhibit "G"**, attached hereto and made a part hereof.  Instead of removing the listing altogether, HSBC and Ocwen appear now to have hedged their listing to inform the public that the property is *still* bank owned and *still* for sale, but for "cash only", and the buyer will responsible for dealing with and removing the pesky occupants.

WHEREFORE, the Jenkins demand against each Defendant, pursuant to 11 U.S.C. § 362(k)(1) and §105(a), for:

A.      Actual damages, including costs and attorney's fees, and punitive damages;

B.      A declaration that the Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the automatic stay;

C.      An order enjoining the Defendants and/or their affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

D.      An order requiring the Defendants to establish and enforce policies and procedures, and to properly train all employees regarding any such policies and procedures in order to ensure compliance with the stay;

E.      A declaration that the Defendants' violations of the stay constitute contempt of court, and imposing appropriate sanctions and fines; and

F.      Such other and further relief as this Honorable Court deems just and reasonable..

## COUNT II

## DAVID JENKINS and SERENA JENKINS vs. HSBC, OCWEN, S&E and D&S

## VIOLATIONS OF THE CONFIRMATION ORDER

58.     The Jenkins repeat, reallege and incorporate by reference the preceding paragraphs as if set forth at length herein.

59.     The Jenkins confirmed bankruptcy plan provides for a "cure" of the pre-petition delinquency and "maintenance of payments" on the Mortgage Loan during the pendency of the Bankruptcy Case.

60.     Pursuant to 11 U.S.C. § 1327(a), the "provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted or rejected the plan."

61.     The Jenkins have continually paid the prepetition delinquency, as demanded by HSBC through its proof of claim.

62.     The Jenkins have continually maintained their payments during the pendency of the Bankruptcy Case as demanded by HSBC through its Proof of Claim.

63.     The Defendants' outrageous and willful actions and conduct, including but not limited to, the almost year-long effort to schedule and conduct the sale of the Jenkins' Residence, and the subsequent demand that they vacate the premises, or suffer "eviction and lockout", as well as the public listing of the Residence on Realtor.com, all during the pendency of the Jenkins' Bankruptcy Case and while receiving and retaining payments from the Office of the Chapter 13 Trustee, are inconsistent with and constitute violations of the terms of the Jenkins' confirmed plan in violation of 11 U.S.C. § 1327(a).

64.     A party may use 11 U.S.C. § 105(a) to enforce rights under 11 U.S.C. § 1327(a). *In re Padilla*, 389 B.R. 409 (Bankr. E.D. Pa. 2008).

WHEREFORE, the Jenkins demand against each Defendant, pursuant to 11 U.S.C. § 105(a), actual damages, including costs and attorney's fees, and punitive damages.

## COUNT III

## DAVID JENKINS and SERENA JENKINS vs. OCWEN, S&E and D&S

### FAIR DEBT COLLECTION PRACTICES ACT

### VIOLATIONS OF 15 U.S.C. §1692d and §1692f

65.    The Jenkins repeat, reallege and incorporate by reference the preceding paragraphs as if set forth at length herein.

66.    The Jenkins are "consumers" as that term is defined by 15 U.S.C. § 1692a(3) of the Fair Debt Collection Practices Act ("FDCPA").

67.    Ocwen, S&E and D&S are "debt collectors" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

68.    Ocwen, S&E and D&S each acted through their agents, employees, officers, members, directors, principals and representatives.

69.    At all relevant times, Ocwen, S&E and D&S were and are attempting to collect a consumer debt from Plaintiff.

70.    The consumer debt arose out of a transaction in connection with the residential Mortgage Loan, which was primarily for personal, family or household purposes.

71.    Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

72.    Section 1692f of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

73.    The prohibition against the use of unfair or unconscionable means to collect or attempt to collect any debt includes, but is not limited to, the collection of any amount (including

any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law as set forth in §1692f(1).

74.     Ocwen and S&E violated §1692d and §1692f by demanding that the Jenkins pay amounts not otherwise necessary to cure the default in connection with the residential Mortgage Loan.

75.     Ocwen and D&S violated §1692d and §1692f by sending the Eviction Notice and by threatening to evict the Jenkins and lock them out of their home, when Ocwen and D&S did not have the legal authority to do so.

76.     Ocwen and S&E violated §1692d and §1692f by serving the Jenkins with various foreclosure action and sheriff's sale related documents threatening to sell their home, when neither Ocwen nor S&E had the legal authority to do so.

77.     Ocwen and S&E violated §1692d and §1692f by failing to take immediate steps to set aside the sheriff's sale and strike the Sheriff's Deed upon receipt of the Jenkins' Motion for Contempt on or about October 3, 2019 and Addendum on October 17, 2019.

78.     Ocwen and S&E violated §1692d and §1692f by demanding payment of the amounts set forth in the Praecipe for Reissued Writ, and Amended and Reissued Writ of Execution, including the specific items and amounts not owed on the Mortgage Loan as a result of the Bankruptcy Case, as well as the payments received by HSBC and Ocwen during the pendency of the Bankruptcy Case.

79.     As a result of the above violations of §1692d and 1692f of the FDCPA, the Jenkins have suffered and continue to suffer actual damages, including but not limited to, out-of-

pocket monetary loss, severe emotional distress, humiliation and shame, as well as attorney's fees and costs.

WHEREFORE, the Jenkins respectfully pray that judgment be entered in their favor and against Ocwen, S&E and D&S under Count III for the following:

A.    Declaratory judgment that the conduct of Ocwen, S&E and D&S violated the FDCPA;

B.    Actual damages;

C.    Statutory damages;

D.    Costs, expenses and reasonable attorney's fees; and

E.    For such other and further relief as may be just and proper.

## COUNT IV

## DAVID JENKINS and SERENA JENKINS vs. OCWEN, S&E and D&S

## FAIR DEBT COLLECTION PRACTICES ACT

## VIOLATIONS OF 15 U.S.C. §1692e

80.    The Jenkins repeat, reallege and incorporate by reference the preceding paragraphs as if set forth at length herein.

81.    Ocwen, S&E and D&S violated Section 1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of the balance owed under the Mortgage Loan.

82.    Ocwen, S&E and D&S violated Section 1692e(2)(A) of the FDCPA by misrepresenting the character, amount or legal status of the Mortgage Loan in the Foreclosure Action, the threatened eviction of the Jenkins from their home, as well as the listing of the Residence on Realtor.com.

83.    Ocwen, S&E and D&S violated Section 1692e(4) of the FDCPA by representing or implicating that their alleged nonpayment of the Mortgage Loan would result in the sale of the Jenkins' Residence when such action was not lawful.

84.    Ocwen, S&E and D&S violated Section 1692e(5) of the FDCPA by threatening to sell the Jenkins' Residence and by threatening to evict and lock the Jenkins out of their home when such actions could not legally be taken.

85.    Ocwen, S&E and D&S violated Section 1692e(10) by using false representations and deceptive means to collect or attempt to collect amounts owed under the Mortgage Loan.

86.    Ocwen and S&E violated §1692e of the FDCPA by repeatedly misrepresenting they had the lawful right to conduct a sheriff's sale of the Jenkins' Residence.

87.    Ocwen and S&E violated §1692e of the FDCPA by repeatedly misrepresenting the amounts that the Jenkins were required to pay in connection with the pleadings, notices, Praecipe for Reissued Writ, and Amended and Reissued Writ of Execution filed and served by Ocwen and S&E in the Foreclosure Action.

88.    As a result of the above violations of §1692e of the FDCPA, the Jenkins have suffered and continue to suffer, actual damages, including but not limited to, out-of-pocket monetary loss, severe emotional distress, humiliation and shame, as well as attorney's fees and costs.

WHEREFORE, the Jenkins respectfully pray that judgment be entered in their favor and against Ocwen, S&E and D&S under Count IV for the following:

A.    Declaratory judgment that the conduct of Ocwen, S&E and D&S violated the FDCPA;

B.    Actual damages;

C.      Statutory damages;

D.      Costs, expenses and reasonable attorney's fees; and

E.      For such other and further relief as may be just and proper.

## COUNT V

## DAVID JENKINS and SERENA JENKINS vs. OCWEN, S&E and D&S

## PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT

## VIOLATIONS OF 73 P.S. §2270.4(a)

89.     The Jenkins repeat, reallege and incorporate by reference the preceding paragraphs as if set forth at length herein.

90.     Ocwen's, S&E's and D&S's violations of the provisions of the FDCPA set forth in Counts III and IV, above, constitute unfair or deceptive debt collection acts or practices under the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §2270.4(a) (the "FCEUA").

91.     In accordance with 73 P.S. §2270.5(a) Ocwen's, S&E's and D&S's violations of the FCEUA constitute violations of the UTPCPL.

92.     As a result of the above violations of the FDCPA (which constitute violations of the FCEUA), the Jenkins suffered and continue to suffer, ascertainable loss and actual damages in the form of out-of-pocket monetary loss, severe emotional distress and humiliation and shame, and liability for attorney's fees and costs.

WHEREFORE, the Jenkins respectfully pray that judgment be entered in their favor and against Ocwen, S&E and D&S under Count V, for the following:

A.      Declaratory judgment that the conduct of Ocwen, S&E and D&S violated the FCEUA;

B.      Actual damages;

C.      Treble damages;

D.      Costs, expenses and reasonable attorney's fees; and

E.      For such other and further relief as may be just and proper.

### COUNT VI

### DAVID JENKINS and SERENA JENKINS vs. HSBC

### PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT

### VIOLATIONS OF 73 P.S. §2270.4(4) and (6)

93.      The Jenkins repeat, reallege and incorporate by reference the preceding paragraphs as if set forth at length herein.

94.      The Jenkins are "consumers" as that term is defined by §2270.3 of the FCEUA.

95.      HSBC is a "creditor" as that term is defined by §2270.3 of the FCEUA.

96.      HSBC acted through its agents, employees, officers, members, directors, principals and representatives.

97.      At all relevant times, HSBC was attempting to collect a consumer debt from Jenkins.

98.      The consumer debt arose out of a transaction in connection with the residential Mortgage Loan, which was primarily for personal, family or household purposes.

99.      With respect to debt collection activities of creditors in Pennsylvania, it shall constitute an unfair or deceptive collection act or practice under §2270.4(4) of the FCEUA if a creditor engages in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

100.     Section of 2270.4(6) of the FCEUA prohibits a creditor from using unfair or unconscionable means to collect or attempt to collect any debt.

101.    HSBC violated Sections 2270.4(4) and (6) by demanding that the Jenkins pay amounts not otherwise necessary to cure the default in connection with the residential Mortgage Loan.

102.    HSBC violated Sections 2270.4(4) and (6) by sending the Eviction Notice and by threatening to evict the Jenkins and lock them out of their home, when HSBC did not have the legal authority to do so.

103.    HSBC violated Sections 2270.4(4) and (6) by serving the Jenkins with various foreclosure action and sheriff's sale related documents threatening to sell their home, when HSBC did not have the legal authority to do so.

104.    HSBC violated Sections 2270.4(4) and (6)  by failing to take steps to set aside the sheriff's sale and strike the Sheriff's Deed immediately upon receipt of the Jenkins' Motion for Contempt on or about October 3, 2019, and receipt of the Addendum on or about October 17, 2019.

105.    HSBC violated Sections 2270.4(4) and (6) by demanding payment of amounts set forth in the Praecipe for Reissued Writ, and Amended and Reissued Writ of Execution, that were not owed on the Mortgage Loan as a result of the Bankruptcy Case, as well as payments received by HSBC during the pendency of the Bankruptcy Case.

106.    As a result of the above violations of §2270.4(4) and §2270.4(6) of the FCEUA, the Jenkins suffered and continue to suffer ascertainable loss and actual damages in the form of out-of-pocket monetary loss, severe emotional distress, humiliation and shame, as well as attorney's fees and costs.

107.    In accordance with 73 P.S. §2270.5(a), HSBC's violations of the FCEUA constitute violations of the UTPCPL.

WHEREFORE, the Jenkins respectfully pray that judgment be entered against HSBC under Count VI for the following:

A.      Declaratory judgment that HSBC's conduct violated the FCEUA;

B.      Actual damages;

C.      Treble damages;

D.      Costs, expenses and reasonable attorney's fees; and

E.      For such other and further relief as may be just and proper.

<u>**COUNT VII**</u>

**DAVID JENKINS and SERENA JENKINS vs. HSBC**

**PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT**

**VIOLATIONS OF 73 P.S. §2270.4(5)**

108.    The Jenkins repeat, reallege and incorporate by reference the preceding paragraphs as if set forth at length herein.

109.    Section 2270.4(5) of the FCEUA prohibits a creditor from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

110.    HSBC violated §2270.4(5)(ii) of the FCEUA by misrepresenting the character, amount or legal status of the Mortgage Loan by reissuing the writ of execution, scheduling and conducting the sheriff's sale of the Residence, and threatening to evict and lock the Jenkins out of their home, and listing the Residence on Realtor.com.

111.    HSBC violated §2270.4(5)(iv) of the FCEUA by representing or implicating that nonpayment of Mortgage Loan would result in a lawful sheriff's sale of the Jenkins' Residence and the subsequent lawful seizure of their home when such action were not lawful.

112.    HSBC violated §2270.4(5)(v) of the FCEUA by threatening and selling the Jenkins' Residence at sheriff's sale in the absence of payment in full on the Mortgage Loan and then threatening to evict and lock the Jenkins from their home during the pendency of the Jenkins' Bankruptcy Case when such action could not legally be taken.

113.    HSBC violated §2270.4(5)(viii) of the FCEUA by publishing notice to the public of the sheriff's sale which was known, or should have been known, as false.

114.    HSBC violated §2270.4(5)(x) of the FCEUA by using false and deceptive means to collect or attempt to collect the Mortgage Loan.

115.    HSBC violated §2270.4(5) of the FCEUA by repeatedly misrepresenting the amounts that the Jenkins were required to pay in connection with the reissued writ of execution and notices of sheriff's sale, including publication of notices, which contained incorrect amounts in light of the Bankruptcy Case and the plan payments made by the Jenkins in connection therewith.

116.    HSBC violated §2270.4(5) of the FCEUA by failing to take steps to set aside the sheriff's sale and strike the Sheriff's Deed immediately upon receipt of the Jenkins' Motion for Contempt on or about October 3, 2019, and the subsequently filed Addendum.  This constitutes a continuing misrepresentation to the Jenkins as well as the public at large about a debt and amount of debt that is not due and is clearly false.

117.    As a result of the above violations of §§2270.4(5) of the FCEUA, the Jenkins have  suffered ascertainable loss and actual damages in the form of out-of-pocket monetary loss, severe emotional distress, humiliation and shame, plus attorney's fees and costs.

118.    In accordance with 73 P.S. §2270.5(a), HSBC's violations of the FCEUA constitute violations of the UTPCPL.

WHEREFORE, the Jenkins respectfully pray that judgment be entered in favor of the

Jenkins and against HSBC under Count VII for the following:

A.    Declaratory judgment that HSBC's conduct violated the FCEUA;

B.    Actual damages;

C.    Treble damages;

D.    Costs, expenses and reasonable attorney's fees; and

E.    For such other and further relief as may be just and proper.

## COUNT VIII

### DAVID JENKINS AND SERENA JENKINS vs. DEFENDANTS

### PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION

### LAW

### VIOLATIONS OF 73 Pa.S.C.A. § 2012(4)(xxi)

119.    The Jenkins repeat, reallege and incorporate by reference the preceding

paragraphs as if set forth at length herein.

120.    The UTPCPL is Pennsylvania's consumer protection law. *Bennett v. A.T.*

*Masterpiece Homes at Broadsprings, LLC,* 40 A.3d 145, 151 (Pa.Super.Ct.2012).

121.    The purpose of the UTPCPL is to prevent "[u]nfair methods of competition and

unfair or deceptive acts or practices in the conduct of any trade or commerce."

122.    The Pennsylvania Supreme Court has stated that the UTPCPL should be liberally

construed in order to effect its legislative goal of consumer protection. *Bennett,* 40 A.3d at 151

(citing *Pennsylvania ex rel. Creamer v. Monumental Properties, Inc.,* 459 Pa. 450, 329 A.2d

812, 814 (1974)).

123.    The Defendants violated the "catchall provision" of the UTPCPL, §201-2(4)(xxi) by engaging in fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

124.    The Defendants acted in a deceptive manner which created a likelihood of confusion or of misunderstanding by, among other things, misrepresenting and demanding amounts from the Jenkins in connection with the Foreclosure Action that were not contractually due or lawfully due, and threatening ejectment and lockout, all of which were not permissible or lawful.

125.    Ocwen, HSBC and S&E acted in a deceptive manner which created a likelihood of confusion or of misunderstanding by, among other things, repeatedly misrepresenting the amounts that the Jenkins were required to pay in order to stop the sheriff's sale of their home, when the Jenkins were in bankruptcy and the prosecution of the Foreclosure Action was otherwise stayed.

126.    Ocwen, HSBC and D&S acted in a deceptive manner which created a likelihood of confusion or of misunderstanding by, among other things, threatening the Jenkins with eviction and lockout if they did not vacate their home, when the Jenkins were in bankruptcy and any such eviction and lockout was otherwise stayed.

127.    HSBC, Ocwen and S&E acted in a deceptive manner which created a likelihood of confusion or of misunderstanding by, among other things, failing set aside the sheriff's sale and strike the Sheriff's Deed immediately upon receipt of the Jenkins' Motion for Contempt on or about October 3, 2019 and the Jenkins' Addendum on October 17, 2019.

128.     As a result of the above violations of UPTCPL, 73 Pa.S.C.A. § 201–3, the Jenkins

have suffered actual damages and ascertainable loss, including but not limited to, out-of-pocket

monetary loss, severe emotional distress, humiliation and shame, plus attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that judgment be entered in favor of the

Jenkins and against Defendants under Count VIII for the following:

A.     Declaratory judgment that the Defendants' conduct violated the UTPCPL;

B.     Actual damages;

C.     Treble damages;

D.     Costs, expenses and reasonable attorney's fees; and

E.     For such other and further relief as may be just and proper.

**COHEN SEGLIAS PALLAS
GREENHALL & FURMAN, P.C.**

BY:_____

James McNally, Esq.
525 William Penn Place, Suite 3005
Pittsburgh, PA 15219
PA ID 78341
Office: 412.227.5947
Email: jmcnally@cohenseglias.com
*Attorneys for Plaintiffs/Debtors, David Jenkins and Serena
Jenkins*

Dated: _____

**JURY TRIAL DEMANDED FOR ALL MATTERS SO TRIABLE**