IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Case No.  17-23709 CMB |
| David Jenkins | ) | |
| Serena Jenkins | ) | Chapter 13 |
|    Debtor(s) | ) | |
| | ) | Adversary Case No.  20-02002 CMB |
| Ronda J. Winnecour, Chapter 13 | ) | |
| Trustee | ) | |
| | ) | |
|    Movant(s) | ) | |
| | ) | |
| vs. | ) | Related to Doc. 65, 66 |
| | ) | |
| HSBC Bank USA, N.A. as Indentured | ) | |
| Trustee for People's Choice Home | ) | |
| Securities Trust Series 2005-4; | ) | |
| Ocwen Loan Servicing, LLC; Stern & | ) | |
| Eisenberg, P.C.; Shapiro & DeNardo, LLC | ) | |
|    Respondent(s) | ) | |

<u>TRUSTEE'S BRIEF IN SUPPORT OF DEBTORS' MOTION TO COMPEL DEFENDANT HSBC BANK USA, N.A. AS INDENTURED TRUSTEE FOR PEOPLE'S CHOICE HOME SECURITIES TRUST SERIES 2005-4 AND OCWEN LOAN SERVICING LLC AND MOTION TO COMPEL DEFENDANT STERN & EISENBERG, P.C., TO PRODUCE DOCUMENTS, AND FOR SANCTIONS</u>

Facts

The Debtors filed for relief under Chapter 13 of the U.S. Bankruptcy Code on September 15, 2017. Ronda J. Winnecour is the Chapter 13 Standing Trustee.

Ocwen Loan Servicing, LLC ("Ocwen"), the loan servicer for HSBC Bank USA, N.A. ("HSBC") the mortgagee for the Debtors' residence, is accused of directing Stern & Eisenberg ("S&E") to foreclose on the Debtors' property, despite the Debtors' open bankruptcy case.

Counsel for the Debtors has made multiple discovery requests; however, he has not received the requested information from S&E regarding the instruction from Ocwen to foreclose.

Argument

Saccameno v. U.S. Bank Nat. Association

This is not the first time Ocwen has engaged in conduct in violation of the Bankruptcy Code and orders of the Bankruptcy Court. In the Seventh Circuit, a Chapter 13 debtor completed her plan and received statements from Ocwen that her delinquencies had been satisfied and even paid ahead prior to receiving a discharge order. *Saccameno v. U.S. Bank Nat. Association*, 943 F.3d 1071,1077 (7th Cir. 2019). However, immediately upon receiving her discharge, Ocwen began threatening foreclosure. *Id.*

Ocwen's lack of internal organization created issues for the debtor even during her bankruptcy case. *Id.* at 1078. For instance, in October 2011, two years into the case, Ocwen became the new loan servicer on the mortgage and contacted the debtor demanding a payment of $16,000 immediately. *Id.* Then in February 2012, Ocwen stated she owed $7,500.00. In March 2012, Ocwen claimed that she owed $9,000.00, a misstatement made all the more ludicrous when the debtor received her April statement in which Ocwen stated it owed the debtor $1,000. *Id.*

Ocwen's actions continued to haunt the debtor for two years after the close of the bankruptcy case until the debtor filed *Saccameno v. U.S. Bank Nat. Association* in February 2015. *Id.* at 1080. During trial it was found that Ocwen had internally marked the debtor's account as a dismissal, rather than a discharge. *Id.* at 1078. Because of this error, all payments that the debtor had sent in 2013 were placed into

a suspense account rather than applied to the loan. *Id.* at 1079. From there, Ocwen sent the debtor two letters stating that she had a "severely delinquent mortgage." *Id.* That issue was eventually corrected. However, Ocwen then performed a reconciliation and determined it had not received two payments during the course of the bankruptcy case. *Id.* A change that was proved blatantly false when the counsel for the debtor went over every single payment remitted to Ocwen at trial. *Id.* at 1081.

After Ocwen had cured the internal issue of marking the bankruptcy case as completed rather than dismissed, Ocwen began rejecting payments, claiming that they weren't enough to cure the supposed "default." *Id.* at 1079. When the debtor inquired about this, she was informed that the company "never rejects payments," and the debtor was forced to fax 100 pages of proof she had paid, only for those documents to be routed to the wrong department. *Id.* at 1080. When an attorney acquaintance of the debtor stepped in asking Ocwen to provide an accounting of payments, Ocwen sent an indecipherable spreadsheet to the acquaintance that it refused to explain. *Id.* In fact, it was this faulty accounting that lead to Ocwen's preparation to foreclose on the debtor's property. *Id.*

Finally, throughout those two years, the debtor made multiple unsuccessful attempts to communicate with Ocwen, faxed proof of payment over four times to Ocwen, and continued to receive persistent and threatening letters without any basis or explanation from Ocwen. *Id.* at 1077-81. At trial, the jury awarded $500,000 to the debtor in compensatory damages for breach of contract, violation of the Fair Debt Collection Practices Act, and violation of the Real Estate Settlement Procedures Act. *Id.* The jury also awarded $3,082,000 in economic, non-economic, and punitive damages for violation of the Illinois Consumer Fraud and Deceptive Practices Act. *Id.* On appeal,

the Seventh Circuit affirmed but found that the maximum permissible punitive damages award was $582,000. *Id.* at 1091.

Winnecour v. Ocwen Loan Servicing, LLC (In re Ransom)

The Seventh Circuit case illustrates Ocwen's extreme lack of organization and deliberate failure to comply with simple documentation production. Ocwen has already been sanctioned in this district for similar misconduct involving Notices of Post-Petition Fees, Expenses, and Charges. *Winnecour v. Ocwen Loan Servicing, LLC (In re Ransom)*, 599 B.R. 791 (Bankr. W.D.Pa. 2019). Throughout the majority of the *Ransom* case, Ocwen was represented by S&E.

The matter in *Ransom* began with a July 24, 2017, hearing on the Trustee's Objection to Notices of Post-Petition Mortgage Fees, Expenses and Charges filed by Ocwen in the amount of $400 for "plan review" in both the *Ransom* and *Randolph* Bankruptcy Cases. Id.

The impetus for the Trustee's objection in *Ransom* was the fact that Ocwen filed a Notice for a $400.00 flat fee for a review of Debtor's plan and a Notice of Appearance.[1] Many additional cases were subsequently identified as possibly having the same defective or inaccurate Notice filed.

In its response, Ocwen asserted in *Ransom* that the fees "were the result of a technical error and have been herewith withdrawn. Further, [Ocwen] intends to resolve the matter by providing to the Chapter 13 Trustee a payment history indicating that the fees will not be attached to the debtor's account." *See Ransom*, 15-10886, Doc. 47,

---

[1] The Florida law firm vendor identified in the attached invoice was not a legal service provider in the particular case at bar and therefore could not have charged a legal fee for the case nor provided a compensable legal service. Additionally, the fee appeared to be in the nature of a flat fee. The Trustee was unable to discern whether the fee, even if it had been a legal fee, was reasonable vis-à-vis a lodestar analysis.

*Paragraph 7.* The court was further advised by S&E at the hearing that the charges would be withdrawn. The July 26, 2017, Order directed Ocwen to file affidavits and provide loan histories in order to allow the Trustee to monitor the fee removal. The order set a deadline for the removal of the fees in those two cases as well as twenty-six additional Western District of Pennsylvania Chapter 13 cases that were identified in which Ocwen requested fees under the same pattern.

The court was assured at the July 24, 2017 hearing that Ocwen had the ability and willingness to provide the affidavits and loan histories within the time frame set out in the July 26, 2017 Order. *See Bankruptcy Case No. 15-10886, Doc. No. 74 and Bankruptcy Case No. 15-10895, Doc. No. 163.* ("August 15 Order"). As Judge Agresti stated in the August 15 Order, given the statements made by Ocwen at the July 24, 2017, hearing the court believed the matter had been resolved. However, in a report dated August 11, 2017, the Trustee reported that she had not received the complete loan histories as well as additional concerns raised by Ocwen's response. The August 15 Order directed Ocwen to file a response to the Trustee's report and scheduled a hearing on the Trustee's Report and Ocwen's response for August 31, 2017.

The court learned at the August 31, 2017, hearing that Ocwen had unilaterally decided that the Trustee did not need complete loan histories and had chosen to provide the Trustee what it decided, in its own discretion, was sufficient. *See Bankruptcy Case No. 15-10886, Doc. No. 85 and Bankruptcy Case No. 15-10895, Doc. No. 172.* The September 1, 2017 Order clarified that complete loan histories meant complete loan histories. The Order declined to impose sanctions at that time but, instead, again, directed Ocwen's compliance by requiring that it provide the complete loan histories (now by October 13, 2017). The Order further required Ocwen to provide

some additional information, and set a December 1, 2017, deadline for the Trustee to file another report on the status of Ocwen's compliance.

The last of the Orders, entered December 21, 2017, followed the court's receipt and review of the Trustee's report as required by the September 1, 2017 Order. *See Bankruptcy Case No. 15-10886, Doc. No. 94 and Bankruptcy Case No. 15-10895, Doc. No. 180.* The court concluded, from the Trustee's report, that Ocwen had not fully complied with the previous Orders and that the matter warranted an evidentiary hearing at which Ocwen and S&E would be required "to show cause for and justify their failure to comply" with the previous Orders. The December 21, 2017 Order concluded with the scheduling of a hearing on January 24, 2018, at which Ocwen and certain specifically identified representatives were directed to appear and show cause as to why they should not be sanctioned for the misconduct identified in the Order. The Order further indicated that the sanctions might include, among other things, a monetary sanction, dismissal of Ocwen's claims, paying Debtor's Counsel fees, or suspending their privilege to appear before the Court.

Ocwen appealed the December 21, 2017 Order, along with three other orders, for which the statute of limitations had long since expired. Judge Conti dismissed the appeal as interlocutory. *Ocwen Loan Servicing, LLC v. Randolph*, 2018 U.S. Dist. LEXIS 34215 (D.C. W.D. Pa. Mar. 2, 2018). Ocwen hired new counsel – Brett Messinger with Duane Morris LLP– who now apparently represents them again. Ocwen then filed motions seeking an extension of time to move for rehearing and reconsideration on the basis that it hired new legal counsel. Judge Conti denied Ocwen's motions because a "motion for rehearing does not permit parties to recycle cases and arguments which the District Court already rejected in rendering its original

decision…[Ocwen is] not entitled to seek a "second bite of the apple" on such issues by way of a motion for reconsideration." *Ocwen Loan Servicing, LLC v. Randolph*, 2018 U.S. Dist. LEXIS 81354, *9 (D.C. W.D. Pa. May 15, 2018) (*citations omitted*).

On March 28, 2019, Judge Agresti found Ocwen to be in civil contempt of court for willfully disobeying several court orders. Ocwen was sanctioned for its contempt and ordered to compensate the Trustee and Debtors' Counsel for attorneys' fees and expenses incurred. *In re Ransom*, 599 B.R. 791. The bankruptcy court lamented, "the Court comes away with no great optimism that Ocwen has learned any lesson by all this." *Id.* at 825.

Ocwen intentionally abused the judicial process by repeatedly and deliberately misrepresenting facts in court and failing to comply with multiple Orders of Court, which led to the delay and disruption of court proceedings for almost two years. Ocwen's delay resulted in impermissible and unwarranted charges assessed to the loans of thirty debtors in the Western District of Pennsylvania alone.

<u>Conclusion</u>

These two cases illustrate Ocwen's history of evading the issue, failure to communicate, failure to comply with court orders, and damaging innocent debtors as a result of its practices. Given the egregious nature of Ocwen's actions in this case, this sentiment still rings true. Ocwen intentionally abused the judicial process by repeatedly and deliberately misrepresenting facts in Court and failing to comply with multiple Orders of Court, which led to the delay and disruption of court proceedings for almost two years. Ocwen's conduct in the present case is consistent with its wrongful conduct for which it has been sanctioned in the past. Ocwen has

demonstrated in the present case that it has not corrected these wrongful practices despite prior sanctions against it.

Therefore, the Trustee also requests that the Motion to Compel Stern & Eisenberg, P.C., to Produce Documents for Sanctions be granted. Furthermore, the Trustee requests that this Court impose punitive sanctions. The Trustee also requests that the sanctions awarded by this Court include the requirement that Ocwen keep comprehensible and detailed records and provide the debtor, debtor's counsel and Trustee with complete and clear loan histories upon request.

Respectfully Submitted,

12/7/2020

/s/ Ronda J. Winnecour
Ronda J. Winnecour (PA I.D. #30399)
Attorney and Chapter 13 Trustee
U.S. Steel Tower – Suite 3250
600 Grant Street
Pittsburgh, PA  15219
(412) 471-5566
cmecf@chapter13trusteewdpa.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: ) | Case No. 17-23709 CMB |
| David Jenkins ) | |
| Serena Jenkins ) | Chapter 13 |
|    Debtor(s) ) | |
| ) | Adversary Case No. 20-02002 CMB |
| Ronda J. Winnecour, Chapter 13 ) | |
| Trustee ) | |
| ) | |
|    Movant(s) ) | |
| ) | |
| vs. ) | Related to Doc. 65, 66 |
| ) | |
| HSBC Bank USA, N.A. as Indentured ) | |
| Trustee for People's Choice Home ) | |
| Securities Trust Series 2005-4; ) | |
| Ocwen Loan Servicing LLC; Stern & ) | |
| Eisenberg, P.C.; Shapiro & DeNardo, LLC ) | |
|    Respondent(s) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date shown below, I served a true and correct copy of

the Brief upon the following, by regular United States mail, postage prepaid:

Joseph S. Sisca, Esquire
Assistant U.S. Trustee
1001 Liberty Avenue, Suite 970
Pittsburgh, PA 15222

Brett L. Messinger, Esq.
Kassia Fialkoff
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103

James A. McGovern, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
Union Trust Building
501 Grant Street, Suite 700
Pittsburgh, PA 15219

Christopher DeNardo, Esq.
Kristen D. Little, Esq.
Shapiro & DeNardo, LLC
3600 Horizon Drive
Suite 150
King of Prussia, PA  19406

Scott W. Brady
Asst. U.S. Attorney
Joseph F. Weis Jr. U.S. Courthouse
700 Grant St.
Suite 4000
Pittsburgh, PA  15219

James McNally, Esq.
525 William Penn Place, Suite 3005
Pittsburgh, PA  15219


|  |  |
|---|---|
| <u>12/7/2020</u><br>Date | <u>/s/Renee Ward</u><br>Administrative Assistant<br>Office of the Chapter 13 Trustee<br>US Steel Tower – Suite 3250<br>600 Grant Street<br>Pittsburgh, PA  15219<br>(412) 471-5566<br>cmecf@chapter13trusteewdpa.com |